FREDERICK ROEMMELE, Respondent, v. IVAN SHESTACOVSKY, Appellant, Impleaded with SAMUEL GLOUSHKOFF, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ.

ALVA JOHNSON SAVACOOL, Respondent, v. JAMES F. A. CLARK and Others, Appellants, Impleaded with Others, Defendants.— Order denying motion to change place of trial from Nassau county to New York county affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

HELEN A. SCHULTZ, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ.

LOUISE G. SIMMONS, Appellant, v. EDWARD W. SIMMONS, Respondent.— Judgment reversed, with costs, and judgment directed in favor of the plaintiff. This court finds the facts alleged in the third paragraph of the complaint and remits the case to the Special Term for determination of the question of alimony and the entry of an interlocutory decree of divorce, with costs. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur. Settle order upon notice before Mr. Justice Kelly.

VINCENZA TESORO, Respondent, v. LOUISE ERICKSON, Appellant.— Judgment of the County Court of Queens county reversed upon the facts and a new trial ordered, costs to abide the event. Findings of fact 3, 4 and 5, are reversed. The decision of the trial court that the defendant signed plaintiff's Exhibit 2 is contrary to the weight of evidence. Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ., concur. Settle order on notice before Mr. Justice Jaycox.

LOUIS TISHKOWITZ, Appellant, v. WESTCHESTER LAND EXCHANGE, Respondent. — Judgment of the County Court of Westchester county reversed on the law and the facts and a new trial ordered, with costs to abide the event. It was error to dismiss the complaint, as under the evidence disclosed it was for the jury to determine whether reasonable care was exercised by defendant. We also think that the plaintiff had sufficient interest in the cows to maintain the action, and that the question of notice given was a question of fact for the jury. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.